UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
VERONICA CRUZ,

                Plaintiff,                    **REPORT AND RECCOMENDATION**
                                                                 **21 CV 1191 (EK)(LB)**

   -against-

ANDREW SAUL, *COMMISSIONER, SOCIAL SECURITY ADMINISTRATION*,

                Defendant.
---------------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

       By Order dated January 20, 2022, the Court granted the parties' joint motion to remand this case pursuant to sentence four of 42 U.S.C. § 405(g) reversing the final decision of the Commissioner which denied social security disability benefits to plaintiff Veronica Cruz. ECF No. 22. Judgment was entered on January 20, 2022. ECF No. 23. On February 19, 2022, the parties timely moved for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), and stipulated to the amount of fees to be awarded. ECF No. 24.

       The Honorable Eric R. Komitee referred the parties' motion to me for a Report and Recommendation in accordance with 28 U.S.C. § 636(b). For the following reasons, it is respectfully recommended that the Court should approve the parties' stipulation awarding plaintiff $7,412.00 in attorney's fees and expenses under the EAJA. ECF No. 24-1.

     **I.**     **Legal Standard**

       Under the EAJA, the Court,

> shall award to a prevailing party other than the United States fees and other expenses… incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). A party seeking an award of fees shall submit an application to the court "which shows that the party is a prevailing party" and the "amount sought, including an itemized statement" of the actual time and rate of the computed fees. 28 U.S.C. § 2412(d)(1)(B). "Thus, under the EAJA, 'eligibility for a fee award in any civil action requires: (1) that the claimant be a 'prevailing party'; (2) that the Government's position was not 'substantially justified'; [and] (3) that no 'special circumstances make an award unjust.''" Gomez-Beleno v. Holder, 644 F.3d 139, 144 (2d Cir. 2011) (quoting Commissioner, INS v. Jean, 496 U.S. 154, 158 (1990)).

The EAJA allows the recovery of "reasonable fees and expenses" Price v. Comm'r of Soc. Sec., No. 19-CV-8499, 2022 WL 1567463, at *1 (S.D.N.Y. May 18, 2022) (citing 28 U.S.C. § 2412(d)(2)(A)). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Id. (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). District courts in this Circuit have found attorneys spend "twenty to forty hours on routine social security cases." Id.; see, e.g., Forrest v. Colvin, No. 15-CV-1573, 2016 WL 6892784, at *3 (S.D.N.Y. Nov. 21, 2016); Titus ex rel. N.M.C. v. Colvin, No. 12-CV-1056, 2014 WL 3534981, at *3 (N.D.N.Y. July 17, 2014); Scott v. Astrue, No. 08-CV-910A, 2011 WL 32544, at *3 (W.D.N.Y. Jan. 5, 2011).

## II.    Discussion

Plaintiff seeks $7,412.00 in attorney's fees for 35 hours of work at a rate of $218.00 per hour. ECF No. 24.[1] The government supports this award. Id. The Commissioner acknowledges that

---

[1] The parties' motion attaches a letter from plaintiff's counsel to defendant's counsel, which references an "Expedited Fee Agreement with assigned of right to be paid under the EAJA from Andre Smith to Mark J. Keller."

2

plaintiff is the prevailing party under 28 U.S.C. § 2412(d)(1)(B). Id. The stipulation does not specifically address the other criteria for an award under the EAJA, but the government agrees that an award is warranted. Id. As the Commissioner does not dispute that plaintiff was the prevailing party, and "the government bears the burden of showing that its position was 'substantially justified,'" Criscitello v. Kijakazi, No. 21-CV-1222, 2022 WL 1510707, at *1 (2d Cir. May 13, 2022) (Summary Order) (quoting Healey v. Leavitt, 485 F.3d 63, 67 (2d Cir. 2007)), which it has not demonstrated here, plaintiff meets the eligibility requirements for a fee award under the EAJA. See Price, 2022 WL 1567463, at *1.

Furthermore, the stipulated fee award is reasonable. Plaintiff submits an itemized record of the hours worked on this case, totaling thirty-five hours over ten days. ECF No. 24-2. This total is within the range of time attorneys within this Circuit generally spend on this type of case. See Price, 2022 WL 1567463, at *1 ("District courts in the Second Circuit have recognized that, on average, an attorney spends twenty to forty hours on routine social security cases."). "This Court has broad discretion in determining whether the amount of time expended by a plaintiff's counsel was reasonable." Barbour v. Colvin, 993 F. Supp. 2d 284, 290 (E.D.N.Y. 2014). The Court finds the 35 hours requested in this case to be reasonable.[2]

Finally, the reasonable rate for attorney's fees under the EAJA is set in § 2412(d)(2)(A):

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, … attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

---

ECF No. 24-3. No other reference is made to Andre Smith and there is no explanation of Andre Smith's relationship to plaintiff. Plaintiff's counsel should clarify this in a letter to the Court.

[2] The administrative record in this case is 774 pages, which supports plaintiff's attorney's fee request for thirty-five hours. See Daily v. Comm'r of Soc. Sec., No. 18-CV-1080, 2020 WL 1322528, at *3 (S.D.N.Y. Mar. 19, 2020) (approving 68.3 hours for an administrative record 900 pages long).

Plaintiff submits the latest available rate calculation from the Bureau of Labor Statistics consumer price index used to adjust the $125 per hour rate for inflation since 1986, resulting in the rate of $218 per hour. ECF No. 24-3. The Court finds the higher fee justified due to an increase in the cost of living. Price, 2022 WL 1567463, at *1; Barbour, 993 F. Supp. 2d at 287. Moreover, the Commissioner does not object to plaintiff's calculated rate.[3]

For all the foregoing reasons, I recommend that the Court should approve the parties' stipulation awarding plaintiff $7,412.00 in attorney's fees under the EAJA.

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

Dated: July 6, 2022
      Brooklyn, New York

/S/
LOIS BLOOM
United States Magistrate Judge

---

[3] The parties stipulated to the fees in this case in part to avoid additional litigation and fees regarding the fee award. ECF No. 24; Commissioner, INS v. Jean, 496 U.S. at 154 (a prevailing party entitled to fees under EAJA is also entitled to reasonable fees for the fee litigation).